## JAMES M. HAGAR

### *vs.*

## NEW ENGLAND MUTUAL MARINE INSURANCE COMPANY.

*New trial. Referees are judges both of law and facts.*

Unless it clearly appears from their award that the referees, intending to be governed by strict legal principles, have submitted the question of the legal correctness of their conclusions to the court, their award will not be set aside, whether their view of the law was erroneous or not—since they constitute the chosen tribunal for the determination both of law and fact.

A motion for a new trial of a cause, decided by arbitrators, will not be granted where the testimony claimed to be newly discovered came to the knowledge, and was in the control, of the losing party before the case was argued; nor where the report fails to show the materiality of the newly discovered evidence, or whether it was anything more than merely cumulative.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

ASSUMPSIT upon an insurance policy issued by the defendants upon the plaintiff's ship, Ida Lilly, claimed to have been injured in Charleston harbor, S. C., in the summer of 1866, during the life of the policy, and by a peril of the seas therein insured against.

Suits were instituted, at the same time with this, against three other companies, upon as many policies, covering the same risk. They were all alike, and were all referred together to three gentlemen, who had one hearing upon all these cases.

The award as to all of them was that the defendants recover their costs. The plaintiff claimed that the referees, though intending to proceed according to law, erred in the admission and rejection of testimony particularized in his motion to have the award set aside; and that, desiring to be governed by legal principles, they mistook them.

The declaration was for injuries received in Charleston harbor, as before stated. By the ship's log-book, put into the case at the hearing before the arbitrators, it appeared that the vessel encountered heavy weather during a considerable portion of the voyage thence to Liverpool, which might have caused the injury for which these suits were brought. The plaintiff now says that he learned, after the testimony was closed, and in the course of Mr. Gould's argument, that the master and mate of his ship had interpolated these statements as to boisterous weather, throwing the vessel on her beam-ends, water in the hold, &c., &c., after her arrival in Liverpool; and that it was done to exonerate her owner from any liability for damage done by water to her cargo.

There was no report of any of the testimony given before the referees, except one or two isolated passages mentioned in the affidavits taken upon the motion for a new trial. The justice at *nisi prius* overruled the motions to set aside the award for errors of law, and on account of this testimony as to the alterations in the log-book, and the plaintiff excepted.

*W. Gilbert* and *Tallman & Larrabee*, for the plaintiff.

*A. P. Gould* and *Jos. W. Spaulding*, for the defendants.

DICKERSON, J. The exceptions must be overruled. The parties chose their own tribunal. No conditions or limitations were imposed upon the referees in the rule under which they acted, nor

was any provision therein made for a reference of questions of law to the determination of the court. In such cases the award of referees, when acting within the scope of their authority, is, in general, conclusive upon all questions of law and fact which directly or indirectly arise in the trial. Their authority extends to the admission or exclusion of evidence, the credit due to, and the inferences drawn from, the evidence, and the principles and rules of law that should guide their investigations, and control their decision. In *Hall* v. *Decker*, 51 Maine, 31, it was held that where an action is referred by rule of court without any condition or limitation, the authority of the court is transferred to the referees, and they are made the judges of the law and the fact; and if there be no suggestion of improper motives on their part, their doings will not be inquired into by the court. The decision of referees thus appointed, upon a particular matter, is regarded as *res judicata,* and is not to be readjudicated any more than the judgment of a court of competent jurisdiction upon the same subject. *Manufacturing Company* v. *Fox,* 18 Maine, 117; *Sweeny* v. *Miller,* 34 Maine, 388.

There are, indeed, exceptions to this rule. The court will inquire into a mistake of law arising from matter apparent on the award itself, or where the referees in their award raise the question of law, and make their award in the alternative, with or without expressing an opinion, or where it is obvious from the award itself that the referees intended to decide according to law but misconceived the law. So an award may be set aside for a mistake in fact apparent upon the face of the award, as where there has been a manifest error in computation, showing that the result stated is not that intended and does not therefore express the real judgment of the referees.

The general principle, however, is that the court will not inquire into an alleged mistake of referees in law or fact, not apparent upon their award, unless there is a suggestion of corruption, partiality, or misconduct on the part of the referees, or some fraud or imposition on the part of the party attempting to set up the award,

by means of which the referees were deceived or misled. *Boston Water Power Co.* v. *Gray*, 6 Metc., 168, 169. The case at bar does not come within the exceptions to the general rule of law upon this subject, and must be determined accordingly.

The rules which govern the court in considering and determining motions for new trials on account of newly discovered evidence have been so often stated and applied that they have come to be familiar to the profession as the rudiments of the law. One of these rules requires that in order to be available the new evidence must have been discovered too late to be produced at the trial by the exercise of reasonable diligence. What constitutes reasonable diligence in a given case depends upon the facts in that particular case. In this case the evidence was discovered after the testimony was closed and before the cause was argued. It was communicated to the plaintiff about five o'clock in the afternoon, at the place of trial, by the mate of the ship, after he had been fully examined as a witness for the plaintiff. The plaintiff did not request the mate to remain and testify to the new evidence, nor did he inform either of his counsel of the discovery until the next morning ; and even then no suggestion of its existence was made to the referees. The new evidence, so called, consisted of certain additions made in the log-book by the mate at the suggestion of the master of the ship, after her arrival in port. The log-book, just as it was, was introduced in evidence before the referees.

Thus the plaintiff had knowledge of the new evidence and, also, the power to produce it before the referees, at the trial, if he had used reasonable diligence. His omission to do so precludes him from having the new evidence used now to enable him to reverse a result which he claims would have been otherwise, if he had produced such evidence at the trial.

But there is another serious objection to granting a new trial. It is a familiar rule regulating judicial discretion in this class of cases, that the court will not grant a new trial unless there is reason to believe that the new evidence would reverse the result.

By presenting his motion the plaintiff assumes that this would be the case, and the burden is upon him to show it.

This can be done best, and oftentimes only, by producing a report of the evidence introduced at the trial, which has not been done in this case. We are, therefore, left without the proper means of determining the materiality of the alleged interpolations in the log-book, and whether or not evidence of their having been made in port would be likely to change the result. If the evidence introduced at the trial in regard to the state of the weather, the condition and behavior of the ship on the voyage, agreed with the memoranda complained of in the log book, it would seem to be immaterial whether they were made during the voyage or after the ship arrived in port. The evidence before us fails to show that the entries made in the log-book after the ship arrived in port were untrue, or contrary to the evidence introduced before the referees. We are not authorized, therefore, to say that the newly discovered evidence would be likely to reverse the decision of the referees.

*Exceptions and motion overruled.*

APPLETON, C. J., CUTTING, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.